IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA J. BAUM, )
 )
      Plaintiff, )
 )
  v. ) Civil Action No. 15-277-E
 )
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

O R D E R

AND NOW, this 22nd day of March, 2017, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in formulating Plaintiff's residual functional capacity assessment ("RFC") by: (1) inadequately explaining the impact of Plaintiff's obesity on her other impairments; and (2) failing to evaluate properly Plaintiff's credibility with regard to her alleged symptoms. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds that there is no merit in Plaintiff's contention that the ALJ failed to consider adequately the effect of Plaintiff's obesity on her back, leg and foot impairments. Social Security Ruling 02-1p explains that in 1999 the Social Security Administration removed obesity as a listed impairment because obesity alone does not "represent a degree of functional limitation that would prevent an individual from engaging in any gainful activity." 2002 WL 34686281, at *1. However, the regulation further provides that, because the effects of obesity in conjunction with other impairments can be greater than the effects of such impairments when considered individually, an ALJ must explain how a conclusion was reached regarding whether obesity caused any limitations for a claimant. See id. at *6-7; see also Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009) (finding that morbid obesity would seem to have an exacerbating effect on a joint disfunction as a matter of common sense, if not from a medical diagnosis).

In the present case, the Court finds that the ALJ clearly and sufficiently addressed this issue in his decision. The ALJ reviewed and discussed the evidence of record, and he specifically included obesity among Plaintiff's severe impairments. Noting that Plaintiff's weight varied between 198 and 212 pounds, and that she stood 5' 2.5" tall, the ALJ explained that Plaintiff's body mass index fell within the obese range. (R. 25). The ALJ further stated that, in accordance with SSR 02-1p, he had "considered the potential impact of obesity in causing or contributing to co-existing impairments." (R. 25). The ALJ explained that he had, nonetheless, concluded that there was no evidence in the record that Plaintiff's obesity had "any quantifiable impact on pulmonary, musculoskeletal, endocrine, or cardiac functioning." (R. 25). While finding that her "obesity most likely aggravates her diffuse aches and pains," the ALJ concluded that it does not seriously compromise her capacity to perform light work. (R. 25-26). The Court also notes that the record contains no medical opinions or other evidence specifically indicating that Plaintiff's obesity contributes to her alleged inability to perform work, nor has Plaintiff herself cited any evidence in the record indicating that this is indeed the case. Accordingly, Plaintiff's general assertion that the ALJ's explanation does not sufficiently discuss the degree to which her obesity exacerbates her other impairments is, quite simply, meritless.

Second, Plaintiff asserts that the ALJ erred in evaluating her credibility. In support of this contention, Plaintiff argues that the ALJ mischaracterized the nature of Plaintiff's activities of daily living, including her childcare responsibilities. Plaintiff also states that the ALJ insisted that Plaintiff does not have disabling symptoms "simply because" she can perform limited daily

activities. (Doc. No. 10 at 16). Upon review, however, the Court finds that the ALJ did in fact properly consider and discuss the evidence of record regarding Plaintiff's activities of daily living, including her childcare responsibilities. The Court also finds that the ALJ did not solely rely upon such activities in evaluating Plaintiff's credibility.

The Social Security regulations provide that, in determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. § 404.1529(a). A claimant's subjective complaints of symptoms alone are not sufficient to establish disability. See id. In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms he or she alleges. See 20 C.F.R. § 404.1529(b). Once an impairment is found, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit his or her ability to work. See 20 C.F.R. § 404.1529(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment). After an ALJ has evaluated a claimant's credibility, that determination is entitled to due deference because of the ALJ's opportunity to observe the claimant and weigh the claimant's testimony against the medical record. See Wier v. Heckler, 734 F.2d 955, 961-62 (3d Cir. 1984). A credibility determination by an ALJ should not be reversed unless it is "inherently incredible or patently unreasonable." Atlantic Limousine, Inc. v. NLRB, 243 F.3d 711, 718-19 (3d Cir. 2001) (internal quotation omitted).

In the ALJ's decision here, after examining Plaintiff's medical treatment and subjective complaints in connection with her alleged impairments, the ALJ ultimately found that such evidence does not fully support the limitations that she alleges. For example, the ALJ described Plaintiff's activities of daily living using her testimony at the hearing and her self-report to the agency. In so doing, the ALJ accurately summarized Plaintiff's activities of daily living as described at her hearing, but he also noted that her functional self-assessment questionnaire from August 2013 appears to indicate fewer limitations. (R. 21). Additionally, the ALJ noted that, even if Plaintiff's daily activities are truly as limited as she alleged at her hearing, he could not attribute such significant limitations to her impairments in light of the "relatively weak medical evidence"—evidence which he then discussed at great length. (R. 21-25).

Included in the medical evidence are also references to Plaintiff's having taken part in child care activities at different points in time. The ALJ explained in his decision that these child care activities appear to have been more involved than Plaintiff indicated at her hearing. For example, in her hearing testimony, Plaintiff downplayed her participation in taking care of her young grandson who lives with her, stating that she is never alone with him because of the fear that she could possibly have to pick him up and could drop him because of her back and hand conditions. (R. 21, 34). Plaintiff also explained that her husband "pretty much takes care of him, I'm just there." (R. 33-35). The medical records, however, contain indications that Plaintiff complained to her medical care providers of her arms feeling weak from caring for her nine month old grandson. (R. 22, 249). The records also disclose that Plaintiff complained of feeling discomfort in her knees and feet, "especially following prolonged activity on her feet or when

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

attempt[ing] to lift her 2-year-old grandson." (R. 23, 385). Thus, after consideration of the evidence of record, including Plaintiff's hearing testimony, her self-reports, and the objective medical record, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons" that he explained in his decision. (R. 21).

Ultimately, the ALJ concluded that Plaintiff has a number of severe physical impairments, including bilateral carpal tunnel syndrome, cervical spondylosis, right lumbosacral radiculopathies, lumbar anterolisthesis and facet sclerosis, right leg length discrepancy, right shoulder acromioclavicular joint arthrosis and rotator cuff tear status post repair, hypothyroidism, and obesity. (R. 17). The ALJ also incorporated a number of physical limitations in Plaintiff's RFC, including that she is limited to occasional climbing of ramps and stairs only, balancing, stooping, crouching, crawling, and kneeling; no overhead work or overhead reaching with the dominant right upper extremity; no more than frequent handling or fingering; and only simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple work-related decisions, and relatively few workplace changes. (R. 20). In the end, however, the ALJ simply found that "the intensity, persistence, and limiting effects of [Plaintiff's] allegations are not reasonably supported by the evidence of record." (R. 26). Therefore, the Court finds that the ALJ did not err in considering Plaintiff's activities of daily living and her childcare responsibilities because he thoroughly reviewed them in accordance with the regulations, and he provided sufficient explanation as to why he found her allegations regarding her impairments to be not entirely credible.

In sum, the Court finds that the ALJ properly addressed the relevant evidence in the record, including full consideration of the cumulative effect of Plaintiff's obesity in formulating his RFC. After careful review of the record, the Court also finds that the ALJ did not err in assessing Plaintiff's credibility. Accordingly, the Court affirms.

4